UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JULIE LE,<br>Defendant. | No. CR 22-340-AB-2<br>[~~PROPOSED~~] ORDER ON STIPULATION REGARDING RESTITUTION |

The Court has read and considered the Stipulation Regarding Restitution, filed by the parties in this matter on October 22, 2026. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, provides good cause for a restitution judgment in this case:

THEREFORE, FOR GOOD CAUSE SHOWN:

Restitution in this case is ORDERED to be paid as follows:

| **Victim Initials** | **Amount of Restitution** |
|---|---|
| A.T. | $3000 |

The defendant shall be held jointly and severally liable with co-defendant Daniel Navarro for the amount of restitution ordered in this judgment. Victim A.T.'s recovery shall be limited to the

amount of their loss; defendant's liability for restitution ceases if and when victim A.T. receives full restitution.

If at some point defendant becomes incarcerated, restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $50, whichever is greater, shall be made during the period of supervised release and shall begin 90 days after the commencement of supervision.

The payment schedule set by the Court represents a minimum payment obligation that does not preclude the United States from pursuing any and all available remedies by which to satisfy defendant's full and immediate enforceable financial obligation to collect the maximum amount of restitution in the most expeditious manner available. Such actions include referring defendant's criminal restitution debts to the Treasury Offset Program to offset funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to apply those funds to defendant's outstanding restitution balances until defendant's liability to pay any restitution order has expired or been satisfied under 18 U.S.C. § 3613.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have

the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

Defendant shall send the restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

Clerk of the Court
United States District Court
Central District of California
Fiscal Department
255 East Temple Street, 11th Floor
Los Angeles, California 90012

The bank or cashier's check or money order shall reference defendant's name and "CR No. 22-340-AB-2." The government shall forward the contact information for victim A.T. to the fiscal department of the Clerk's Office to complete payment and to protect the privacy interest of the victims.

Defendant shall not dissipate any assets until the ordered restitution is paid in full.

IT IS SO ORDERED.

Dated: October 26, 2026

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE